UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL SIMONDS,<br><br>                Plaintiff,<br><br>   v.<br><br>KING COUNTY METRO,<br><br>                Defendant. | CASE NO. C20-0601-MAT<br><br>ORDER RE: DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS AND OPPORTUNITY TO AMEND AND SERVE |

INTRODUCTION

Plaintiff Paul Simonds proceeds pro se in this civil matter removed to this Court by defendant King County Metro. Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 5.) Defendant bases its motion for dismissal on the fact plaintiff named a party incapable of suit, a lack of jurisdiction due to insufficiency of process, and the failure to state a claim upon which relief can be granted. Plaintiff did not file a response to the motion. The Court, for the reasons set forth below, concludes defendant's motion should be denied without prejudice to re-filing and plaintiff afforded the opportunity to submit and serve an amended complaint.

ORDER
PAGE - 1

BACKGROUND

Plaintiff initiated this action by filing a complaint against defendant King County Metro in King County Superior Court on December 19, 2019.  (*See* Dkt. 1.)  Plaintiff alleged that, in 2016, an unnamed King County Metro bus driver "shook his head" at him, after which plaintiff filed a discrimination claim "against the employee – County." (Dkt. 1, Ex. B at 2.)  He alleged the same driver, in January 2018, again "shook his head, denying a ride to downtown." (*Id.*)  Plaintiff avers the employee "violated statutes" and cites to state statutes and page numbers of attachments to the complaint.  Some of the page numbers correspond to an attachment showing Washington Pattern Jury Instruction 340.01, an introductory jury instruction for civil rights claims brought under 42 U.S.C. § 1983.  (*Id.* at 6, 16.)  Given this citation, defendant removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331.

Defendant now attests the Clerk of the King County Council was never served with plaintiff's complaint.  (Dkt. 6 (Pedroza Decl.).)  Defendant also provides a copy of a motion plaintiff filed in King County Superior Court after removal, in which he appears to seek a default judgment, as well as an "amended complaint" later received by counsel for defendant.  (Dkt. 8 (Lindsey Decl.), ¶¶5-6 and Exs. A & B); *see also Simonds v. King County Metro*, 19-2-33692-7-SEA (docket showing motion filed April 30, 2020), *available at* https://dja-prd-ecexap1. Kingcounty.gov/?q=node/420/2769535/FV-Public-Case-Documents-Portal.   In the amended complaint sent to counsel, plaintiff reasserts his allegations against a King County Metro bus driver, appears to identify claims including fraudulent misrepresentation, fraud, and discrimination, maintains defendant's failure to file an answer to his complaint, and attaches a copy of defendant's motion to dismiss.  (Dkt. 8, Ex. B.)

/ / /

## DISCUSSION

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

A plaintiff proceeding pro se "'must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Pro se litigants are also entitled to notice of deficiencies in a complaint and leave to amend before dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The Court may, however, deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

Defendant removed plaintiff's case to this Court based on the perception plaintiff intended to pursue a cause of action under 42 U.S.C. § 1983. To state a § 1983 claim, plaintiff must show

ORDER
PAGE - 3

(a) that he suffered a violation of rights protected by the Constitution or created by a federal statute, and (b) that the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). An entity of a county is not a proper defendant. Instead, "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990). Also, while a local government unit or municipality like a county can be sued as a "person" under § 1983, it cannot be held liable solely because it employs a tortfeasor. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). A plaintiff seeking to impose liability on a municipality under § 1983 must identify municipal "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

A federal court does not, moreover, have personal jurisdiction over a defendant unless the defendant has been properly served under Rule 4 of the Federal Rules of Civil Procedure. If a party fails to substantially comply with Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4(m) requires that a plaintiff serve a defendant with the complaint and summons within 90 days. If a plaintiff fails to do so, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Court also has broad discretion to grant an extension for service even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007) (cited source omitted). The Court may consider, for example, factors such as the length of the delay, actual

notice of a lawsuit, prejudice to a defendant, and a statute of limitation. *Id*. at 1041.

Defendant here identifies several grounds for dismissal. First, the sole named defendant, King County Metro, is an entity of King County and therefore not a proper defendant. Second, the Court lacks jurisdiction over King County, a possible municipal defendant, given plaintiff's failure to effectuate service as required under Rule 4. Third, plaintiff fails to state a claim against King County by failing to identify a policy or custom that caused an alleged injury. Finally, plaintiff otherwise fails to set forth facts supporting a plausible cause of action or to clearly identify his claims for relief. Both the original pleading filed in superior court and the purported amended pleading sent to counsel for defendant provide little information regarding the incidents at issue and are difficult to decipher, with no more than vague and conclusory allegations and a recitation of allegedly violated statutes and page numbers of attachments.

The Court does not, however, find dismissal appropriate at this time. The Court considers the motion to dismiss in the context of plaintiff's pro se status and the removal of this case to federal court by defendant. The Court also considers the fact plaintiff appears to have attempted to amend his pleading. However, because this matter did not originate in federal court, plaintiff has not as yet been advised by the Court as to the deficiencies in his pleading.

Considering the circumstances, and in an abundance of caution, the Court finds plaintiff should be afforded the opportunity to submit an amended complaint and to serve the amended pleading on a proper defendant. As noted above, plaintiff may not name King County Metro as defendant and may only proceed with an action against King County if he identifies a policy or custom that caused his injury.[1] Plaintiff must further provide a short and plain statement of his

---

[1] Plaintiff may identify an individual state actor as a defendant, but must allege facts showing how the individual caused or personally participated in causing the harm alleged. *Arnold v. IBM*, 637 F.2d 1350,

ORDER
PAGE - 5

claims showing he is entitled to relief, fair notice of his claims and the grounds upon which they rest, and specific, plausible facts supporting those claims. This matter will proceed only if plaintiff complies with these directives.

## CONCLUSION

For the reasons stated above, Defendant's Rule 12(b)(6) Motion to Dismiss (Dkt. 5) is DENIED without prejudice to later re-filing as may be warranted. For this matter to proceed, plaintiff must, within **thirty (30) days** of the date of this Order, both submit an amended complaint and effectuate service. The amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See Ferdik*, 963 F.2d at 1262. If no amended complaint is timely filed, or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, this matter will be subject to dismissal.

DATED this 12th day of June, 2020.

Mary Alice Theiler
United States Magistrate Judge

---

1355 (9th Cir. 1981). Supervisory personnel may not be held liable for actions of subordinates under a theory of vicarious liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

ORDER
PAGE - 6