UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL SIMONDS,

                Plaintiff,

    v.

KING COUNTY METRO,

                Defendant.

CASE NO. C20-0601-MAT

ORDER GRANTING DEFENDANT'S SECOND RULE 12(B)(6) MOTION TO DISMISS

## INTRODUCTION

Plaintiff Paul Simonds proceeds pro se in this civil matter removed to this Court by defendant King County Metro. The Court previously denied defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss without prejudice to re-filing and afforded plaintiff the opportunity to submit and serve an amended complaint. (Dkt. 11.) Plaintiff submitted a response and supplement (Dkts. 12 & 13) and defendant filed a Second Rule 12(b)(6) Motion to Dismiss (Dkt. 14). Plaintiff did not respond to the pending dispositive motion. (*See* Dkt. 16.) The Court, for the reasons set forth below, now concludes defendant's second motion to dismiss (Dkt. 14) should be GRANTED and this matter dismissed.

ORDER RE: DISMISSAL
PAGE - 1

BACKGROUND

Plaintiff initiated this action by filing a complaint in King County Superior Court on December 19, 2019. (*See* Dkt. 1.) Plaintiff alleged that, in 2016, an unnamed King County Metro bus driver "shook his head" at him, after which plaintiff filed a discrimination claim "against the employee – County." (Dkt. 1, Ex. B at 2.) He alleged the same driver, in January 2018, again "shook his head, denying a ride to downtown." (*Id*.)  Plaintiff averred the employee "violated statutes" and cited to state statutes and page numbers of attachments to the complaint. Some of the page numbers correspond to an attachment showing Washington Pattern Jury Instruction 340.01, an introductory jury instruction for civil rights claims brought under 42 U.S.C. § 1983. (*Id*. at 6, 16.) Given this citation, defendant removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331.

Following removal, defendant attested the Clerk of the King County Council was never served with plaintiff's complaint. (Dkt. 6 (Pedroza Decl.).) Defendant also provided copies of both a motion plaintiff filed in King County Superior Court after removal, in which he appeared to seek a default judgment, and an "amended complaint" later received by counsel for defendant. (Dkt. 8 (Lindsey Decl.), ¶¶5-6 and Exs. A & B); *see also Simonds v. King County Metro*, 19-2-33692-7-SEA (docket showing motion filed April 30, 2020), *available at* https://dja-prd-ecexap1.Kingcounty.gov/?q=node/420/2769535/FV-Public-Case-Documents-Portal.  In the amended pleading, plaintiff reasserted his allegations against a King County Metro bus driver, appeared to identify claims including fraudulent misrepresentation, fraud, and discrimination, maintained defendant's failure to file an answer to his complaint, and attached a copy of defendant's motion to dismiss. (Dkt. 8, Ex. B.)

In its first motion to dismiss, defendant asserted plaintiff named a party incapable of suit,

a lack of jurisdiction due to insufficiency of process, and the failure to state a claim upon which relief can be granted. The Court, considering plaintiff's pro se status and the removal, concluded dismissal was not appropriate prior to advising plaintiff of deficiencies in his pleading. The Court advised that plaintiff could not name King County Metro as defendant and could only proceed with an action against King County if he identified a policy or custom that caused his injury. The Court further advised that plaintiff must provide a short and plain statement of his claims showing he is entitled to relief, fair notice of his claims and the grounds upon which they rest, and specific, plausible facts supporting those claims. The Court granted plaintiff an additional thirty days to submit an amended complaint and to serve the amended pleading on a proper defendant. The Court stated this matter would proceed only if plaintiff complied with these directives.

As noted above, plaintiff submitted two documents in response to the Court's Order (*see* Dkts. 12 & 13), after which defendant filed its second motion to dismiss (Dkt. 14). The Court addresses those submissions and the pending motion below.

## DISCUSSION

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

ORDER RE: DISMISSAL
PAGE - 3

claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

A plaintiff proceeding pro se "'must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Pro se litigants are also entitled to notice of deficiencies in a complaint and leave to amend before dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Defendant removed plaintiff's case to this Court based on the perception plaintiff intended to pursue a cause of action under 42 U.S.C. § 1983. To state a § 1983 claim, plaintiff must show (a) that he suffered a violation of rights protected by the Constitution or created by a federal statute, and (b) that the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff has since confirmed he alleges defendant deprived him of a right protected by the Constitution or created by a federal statute. (*See* Dkt. 12 at 8.) Plaintiff did not, however, provide any detail as to such a claim.

Nor did plaintiff correct other deficiencies identified by the Court or otherwise comply with the Court's directives. He did not submit an amended complaint, or any document containing a short and plain statement of his claims showing he is entitled to relief, fair notice of his claims and the grounds upon which they rest, and specific, plausible facts supporting those claims. Instead, as with both the original pleading filed in superior court and the purported amended pleading sent to counsel for defendant, plaintiff's most recent filings provide little to no information regarding the incidents at issue and are difficult to decipher, with no more than vague

ORDER RE: DISMISSAL
PAGE - 4

and conclusory allegations and numerous insufficiently identified or explained attachments. As argued by defendant, this matter is subject to dismissal based on plaintiff's failure to state a claim upon which relief may be granted.

Also, and as the Court previously advised, an entity of a county is not a proper defendant. Instead, "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990). Also, while a local government unit or municipality like a county can be sued as a "person" under § 1983, it cannot be held liable solely because it employs a tortfeasor. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). A plaintiff seeking to impose liability on a municipality under § 1983 must identify municipal "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). In this case, King County Metro remains the sole named defendant. Nor does plaintiff identify any policy or custom of King County allegedly causing him injury. As argued by defendant, this matter is also subject to dismissal based on plaintiff's failure to identify a proper defendant.

A federal court does not, moreover, have personal jurisdiction over a defendant unless the defendant has been properly served under Rule 4 of the Federal Rules of Civil Procedure. If a party fails to substantially comply with Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4(m) requires that a plaintiff serve a defendant with the complaint and summons within ninety days. If a plaintiff fails to do so, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff

shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. The Court also has broad discretion to grant an extension for service even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007) (cited source omitted). In this case, defendant attests that, despite the additional thirty days provided by the Court, plaintiff has not effectuated service. (Dkt. 15 (Second Pedroza Decl.), ¶¶6-7.) Therefore, even if plaintiff had named a proper defendant and submitted an adequate complaint, this matter would be subject to dismissal based on a failure to serve and the absence of jurisdiction.

Defendant, finally, asks that this matter be dismissed with prejudice because plaintiff provided only threadbare facts to support his claim and failed to amend or serve his complaint despite the Court's Order directing that he do so. The Court agrees that, because plaintiff was put on notice regarding the deficiencies in his complaint and failed to take the opportunity to amend, his 42 U.S.C. § 1983 claim is properly dismissed with prejudice. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("Because [plaintiff] declined to amend his complaint further when given the opportunity, we affirm the district court's dismissal of the claims against [defendant] with prejudice under both Rule 9(b) and Rule 12(b)(6).").

## CONCLUSION

For the reasons explained above, Defendant's Second Rule 12(b)(6) Motion to Dismiss (Dkt. 14) is GRANTED and this matter is DISMISSED. The dismissal of plaintiff's federal claim against defendant is with prejudice.

DATED this <u>13th</u> day of August, 2020.

Mary Alice Theiler
United States Magistrate Judge